IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOSEA L. KENDRICK                                                                                   PLAINTIFF

v.                                            Civil No. 4:19-cv-4040

SERGEANT THOMAS G. MILLER,
Nevada County Detention Center                                                               DEFENDANT

## ORDER

Plaintiff Hosea L. Kendrick filed this 42 U.S.C. § 1983 action *pro se* on April 15, 2019. (ECF No. 1). Before the Court is Plaintiff's failure to comply with three orders of this Court.

On June 17, 2019, Defendant Thomas G. Miller filed a Motion for Judgment on the Pleadings. (ECF No. 13). That same day, the Court entered an order directing Plaintiff to file a response to Defendant's motion by July 8, 2019. (ECF No. 16). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, Plaintiff has not filed a response to Defendant's motion and the order directing him to do so has not been returned to the Court as undeliverable.

On July 11, 2019, the Court entered an order directing Plaintiff to show cause by July 22, 2019, as to why he failed to respond to Defendant's motion. (ECF No. 17). The order informed Plaintiff that failure to show cause by the Court's imposed deadline would result in this case being dismissed. The order has not been returned as undeliverable and to date, Plaintiff has not responded. However, on July 22, 2019, Plaintiff submitted a change of address. On August 23, 2019, the Court mailed a second show cause order to Plaintiff's updated address, directing him to show cause by September 6, 2019, as to why he failed to respond to Defendant's motion. (ECF

No. 19). To date, this order has not been returned as undeliverable and Plaintiff has not responded to the show cause order or to Defendant's motion.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff failed to obey three orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge